UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEITHER & CHERRY QUAD
CITIES, INC.,                                        Case No. 23-11310

      Plaintiff,                              F. Kay Behm
v.                                                   U.S. District Judge

OAKLAND AUTOMATION, LLC,
*et al.*,

      Defendants.
_____ /

and

AP ELECTRIC, INC.,

      Plaintiff,                              Case No. 23-11342

OAKLAND AUTOMATION, LLC,                             F. Kay Behm
*et al.*,                                            U.S. District Judge

      Defendants.
_____ /

**CONSOLIDATED ORDER GRANTING IN PART DEFENDANTS'
MOTIONS IN LIMINE RE: MICHAEL PAKTER
(*Seither & Cherry*, ECF No. 63; *AP Electric*, ECF No. 73)**

This consolidated order is issued in two separate cases filed

against Defendants Oakland Automation, LLC ("Oakland Automation"

or "OA"), Oakland Industries, LLC ("OIL"); Oakland Industries Blocker

Corp. ("OIB"); and Interclean Equipment, LLC ("Interclean").  While the

1

facts of these cases differ slightly, the motions involve identical issues of fact and law.  As such, they have been consolidated for the purpose of issuing this order.

These cases arise from two related disputes regarding Defendants' alleged misappropriation and transfer of Oakland Automation's assets for Defendants' benefit.  Essentially, Plaintiffs allege that, although Toyota paid OA for contract work that Plaintiffs performed at Toyota plants, Defendants (alleged to be alter egos of one another) conspired to have OA fraudulently transfer or convert those funds to OIL and OIL's other subsidiaries, while failing to pay Plaintiffs for their contract with OA.

Plaintiffs have provided the expert report of Michael D. Pakter, and Defendants OIL, Interclean, and OIB (the "Moving Defendants") filed a motion to exclude portions of that opinion.  *Seither & Cherry*, ECF No. 63; *AP Electric*, ECF No. 73.

For the reasons below, the court **GRANTS** the motion **IN PART**.

## I.    STANDARD OF REVIEW

Federal Rule of Evidence 702 controls the admissibility of expert testimony:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

> (a)  the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b)  the testimony is based on sufficient facts or data;
>
> (c)  the testimony is the product of reliable principles and methods; and
>
> (d)  the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Under Rule 704(a), an opinion "is not objectionable just because it embraces an ultimate issue." District courts enjoy broad discretion "over matters regarding the admissibility of evidence at trial." *Lockard v. Bray*, 602 F. Supp. 3d 998, 1005 (E.D. Mich. 2022) (citing *United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991)).

## II.    ANALYSIS

Despite the complicated claims in this case, this motion presents a straightforward issue: Can Plaintiffs' expert, Michael Pakter, opine that

OA and Autotac were "mere instrumentalities" or "alter egos" of Defendant Oakland Industries, LLC ("OIL")?

Defendants say no, because those terms are legal terms and to reach that opinion requires Pakter to testify to a legal conclusion. *AP Electric*, ECF No. 73, PageID.988. Plaintiffs would read the relevant rules of evidence more broadly. *See AP Electric*, ECF No. 76, PageID.1781 (citing Fed. R. Evid. 704(a) ("An opinion is not objectionable just because it embraces an ultimate issue.")).

The Sixth Circuit's general rule requires "exclusion of expert testimony that expresses a legal conclusion." *Berry v. City of Detroit*, 25 F.3d 1342, 1354 (6th Cir. 1994). Trial judges are accorded a relatively wide, though not unlimited, degree of discretion in admitting or excluding testimony which arguably contains a legal conclusion. *Torres v. Cty. of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985). "The best resolution of this type of problem is to determine whether the terms used by the witness have a separate, distinct and specialized meaning in the law different from that present in the vernacular. If they do, exclusion is appropriate." *Id.*

On a survey of cases analyzing the same issue, the consensus is that whether corporations are "alter egos" is a legal conclusion. *See*

4

*Moore v. Westgate Resorts Ltd., L.P.*, No. 3:18-cv-410, 2025 LX 226656, at *19 (E.D. Tenn. June 27, 2025) ("Mr. Fahey's opinion that Defendants are alter egos is a legal conclusion."); *Innovation Ventures, L.L.C. v. Custom Nutrition Lab'ys*, L.L.C., No. 4:12-CV-13850, 2021 U.S. Dist. LEXIS 271601, 2021 WL 12255004, at *11 (E.D. Mich. Sept. 29, 2021) ("[T]he Court will not permit [the expert] to offer legal conclusions.  [The expert] may not testify as to the applicable legal standard, nor may he offer conclusions about whether the [d]efendants are alter egos of each other or merely affiliates under the law of Texas."); *In re Centrix Fin., LLC*, No. 09-CV-01542, 2015 U.S. Dist. LEXIS 71774, 2015 WL 3523399, at *1 (D. Colo. June 3, 2015) ("Plaintiffs specifically challenge [the expert's] conclusion that Mr. Sutton was the alter ego of Centrix as an impermissible legal conclusion. . . .  The Court agrees.  The ultimate conclusion that Mr. Sutton was Centrix's alter ego is impermissible." (citing cases)); *Lim v. Miller Parking Co.*, 526 B.R. 202, 217 (E.D. Mich. 2015) ("Likewise, the 'opinion' . . . that Miller Detroit operated as an alter ego of Miller Chicago will be excluded as an improper legal conclusion.").  So Pakter's expected testimony that Defendants are "alter egos" or "mere instrumentalities" of one another is properly barred.

5

That still leaves Pakter's conclusions about the various "indicia" that the companies are alter egos.  Defendants' motion can be read to oppose those opinions as well.  *See AP Electric*, ECF No. 73, PageID.989 ("Pakter's purported analysis of purported 'indicia' that OA and Autotac were 'mere instrumentalities' or 'alter egos' of OIL . . . is inadmissible legal analysis and opinion and should be excluded").

However, "[a]n expert may testify to the facts supporting a legal conclusion without testifying about the ultimate legal conclusion." *Numatics, Inc. v. Balluff, Inc.*, 66 F. Supp. 3d 934, 944 (E.D. Mich. 2014) (citation omitted).  Pakter may discuss the significance of certain facts that are indicative of Defendants' alleged alter ego status, without running afoul of the "legal conclusion" rule.  *See Moore*, 2025 LX 226656, at *21; *Lim v. Miller Parking Co.*, 526 B.R. 202, 217 (E.D. Mich. 2015) (acknowledging that "[t]estimony about the significance of certain transactions and their conformance (or lack of conformance) with prudent and customary practices of corporate governance is permissible"); *Essentials v. Custom Nutrition Labs., L.L.C.*, No. 4:12-cv-13850, 2021 LX 95310, at *38 (E.D. Mich. Sep. 29, 2021) ("Ale may not . . . offer conclusions about whether the Defendants are alter egos of each other . . . .  But Ale is qualified as an expert in the field of corporate law

6

and has direct knowledge of how corporate entities function.  He may therefore testify to the common practices and functioning of corporate entities as those matters may bear on the questions before the fact-finder."); *Titan Feeding, LLC v. Corey Cattle Co., LLC*, No. 19-CV-02541, 2023 U.S. Dist. LEXIS 57399, 2023 WL 2743277, at *7 (D. Colo. Mar. 31, 2023) (finding that the expert may testify "that indicia of the alter ego criteria exists" because it was "not equivalent to an opinion that the legal criteria to determine whether an alter ego exists have been satisfied" (citation omitted)); *In re Centrix Fin., LLC*, 2015 U.S. Dist. LEXIS 71774, 2015 WL 3523399, at *1 (D. Colo. June 3, 2015) (finding that the expert may not testify to the legal conclusion that alter ego existed but he was "free to testify about the significance of certain events as it relates to [company's] failure to observe corporate formalities" (citation omitted)).

Defendants do not otherwise challenge the remainder of Pakter's testimony, and the court stops there.  To the extent that Defendants' motion seeks exclusion of the opinion that the Defendants are "alter egos" or "mere instrumentalities," it is granted; to the extent that the motion seeks exclusion of all of his opinions regarding how certain

transactions or other acts allegedly failed to observe corporate formalities, it is denied.

A final note: In its opinion and order on Defendants' motions for summary judgment, the court noted that there is no count in play for veil piercing or alter ego liability, and that the Moving Defendants were not included in Count I for breach of contract. Whether evidence pertaining to Plaintiffs' alter ego theory remains relevant evidence at trial is the subject of a separate motion in limine (*see, e.g.*, *S&C*, ECF No. 84), and the court does not purport to rule on that issue here.

## III. CONCLUSION

For the reasons described in the above opinion, the court **GRANTS** Moving Defendants' motion *in limine* to exclude Pakter's expert opinion **IN PART**.

**SO ORDERED**.

Date: March 30, 2026                      s/F. Kay Behm
                                          F. Kay Behm
                                          United States District Judge

8