UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEITHER & CHERRY QUAD
CITIES, INC.,                                          Case No. 23-11310

      Plaintiff,                             F. Kay Behm
v.                                                     U.S. District Judge

OAKLAND AUTOMATION, LLC,
*et al.*,

      Defendants.
_____ /

and

AP ELECTRIC, INC.,

      Plaintiff,                             Case No. 23-11342

OAKLAND AUTOMATION, LLC,                               F. Kay Behm
*et al.*,                                              U.S. District Judge

      Defendants.
_____ /

**CONSOLIDATED ORDER DENYING DEFENDANTS' MOTIONS
IN LIMINE RE: MUVTA CLAIMS AND DEFENDANTS' MOTIONS
IN LIMINE RE: EVIDENCE ON DISMISSED COUNTS
(*Seither & Cherry*, ECF Nos. 83, 84; *AP Electric*, ECF Nos. 93, 94)**

This consolidated order is issued in two separate cases filed

against Defendants Oakland Automation, LLC ("Oakland Automation"

or "OA"), Oakland Industries, LLC ("OIL"); Oakland Industries Blocker

1

Corp. ("OIB"); and Interclean Equipment, LLC ("Interclean"). While the facts of these cases differ slightly, the motions at issue involve materially identical issues of fact and law. As such, they have been consolidated for the purpose of issuing this order.

These cases arise from two related disputes regarding Defendants' alleged misappropriation and transfer of Oakland Automation's assets for Defendants' benefit. Essentially, Plaintiffs allege that although Toyota paid OA for contract work that Plaintiffs performed at Toyota plants, the Moving Defendants (alleged to be alter egos of one another) conspired to have OA fraudulently transfer or convert those funds to OIL and OIL's other subsidiaries, while failing to pay Plaintiffs for their contract with OA. The motions *in limine* seek to limit evidence on the number of transfers and the relationship between the Moving Defendants. For the reasons explained below, both motions are denied.

## I.    MOTIONS IN LIMINE

The Supreme Court has recognized that "[a]lthough the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *see also id.* at 40 n.2 (defining motion *in limine*

2

"in a broad sense to refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered"); *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016) (noting inherent "power of a judge to hear a motion in limine").  Indeed, Rule 103(d) of the Federal Rules of Evidence mandates that the court must, to the extent practicable, conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means.  Fed. R. Evid. 103(d); *see also United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999) ("The Federal Rules of Evidence, the Federal Rules of Criminal and Civil Procedure and interpretive rulings of the Supreme Court and this court all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures – including motions *in limine* – in order to narrow the issues remaining for trial and to minimize disruptions at trial.").  A motion in limine is a procedural vehicle "to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013).  "[A] preliminary ruling allows the parties to consider the court's ruling in formulating their trial strategy." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).

## II.   MOTION TO LIMIT PLAINTIFF'S CLAIM FOR VIOLATION OF MUVTA TO THOSE TRANSFERS SPECIFICALLY IDENTIFIED IN PLAINTIFF'S THIRD AMENDED COMPLAINT AND ANSWER TO INTERROGATORIES

First, Defendants seek an order that Plaintiffs' claim for violation of the Michigan Voidable Transaction Act ("MUVTA") in Count VI of Plaintiffs' Third Amended Complaints should be limited to those transfers specifically identified by Plaintiffs in their Third Amended Complaints and their answers to Interrogatory No. 11, which asked Plaintiffs to identify the specific transfers Plaintiffs allege were made in violation of MUVTA.

Plaintiffs argue that Defendants' position would render the discovery process meaningless.  In their view, there was substantial discovery on the MUVTA claims after the Third Amended Complaints were filed.  Because trial has been rescheduled several times in these cases, Moving Defendants have already been provided with a complete list of Plaintiffs' marked exhibits in the proposed Joint Final Pretrial Order submitted to the Court on September 10, 2025.  And all of Plaintiffs' listed exhibits are in the possession of Moving Defendants.

Defendants, for their part, argue that at no time during this case did Plaintiffs amend their Third Amended Complaints to add additional

4

specific alleged voidable transfers or supplement their answers to Interrogatory No. 11 to add additional specific alleged voidable transfers.  Defendants cite to Fed. R. Civ. P. 33(b)(3), which provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).

Fed. R. Civ. P. 37(c)(1) then provides, in relevant part:

> (1) Failure to Disclose or Supplement.  If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless . . . .

Rule 26(e), in turn, provides that:

> A party who has . . . responded to an interrogatory, . . . must supplement or correct its disclosure or response[] in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]

Defendants' position is that Plaintiffs violated Rule 26(e) by not supplementing their response to the interrogatories, and as a result of that violation, evidence of any transfers not disclosed in their answer to

the interrogatories should be excluded from trial under Rule 37(c)(1).

But Rule 26(e) does not require supplementation of an answer to an

interrogatory if "the additional or corrective information has []

otherwise been made known to the other parties during the discovery

process[.]"  Fed. R. Civ. P. 26(e)(1)(A); *see SPX Corp. v. Bartec, LLC*, 574

F. Supp. 2d 748, 756 (E.D. Mich. 2008).  According to Plaintiffs, all of

this information has been revealed through discovery; most of the

evidence they intend to rely on was obtained from Defendants

themselves or from third parties known to Defendants.  *S&C*, ECF No.

86, PageID.3197.  So the information available to the court indicates

that Plaintiffs were not required to supplement their answer to the

interrogatories; or, to the extent they may have been required to do so,

the error appears to be harmless because all the exhibits Plaintiffs

intend to rely on were provided to Defendants or were in Defendants'

possession well in advance of the currently scheduled trial date.

Therefore, the court **DENIES** the motion to limit Plaintiffs'

MUVTA claims to the transfers identified in their interrogatory

answers.

## III.  MOTION TO EXCLUDE ARGUMENTS AND EVIDENCE RELATED TO DISMISSED CLAIMS

In the second of the present motions, Defendants argue that Plaintiffs will seek to introduce numerous documents purporting to support their theory that Defendants are the "alter ego" of Defendant Oakland Automation, LLC.  In their view, these documents are irrelevant to the remaining Counts and their introduction will only serve to unfairly prejudice Defendants, confuse the issues to be tried, mislead the jury, and waste time.  *See* Fed. R. Evid. 402, 403.

Plaintiffs respond that Moving Defendants do not identify with specificity the evidence that they are requesting this Court to exclude. They respond that the Moving Defendants also fail to state how this evidence would not be relevant to their pending claims against Defendants for violation of MUVTA, violation of the MBTFA, conversion, and/or civil conspiracy.

The court agrees that Defendants' motion is too vague to rule on at this stage.  Defendants' motion is bare-bones and identifies the exhibits it seeks to exclude only by reference to the Joint Final Pretrial Order previously submitted by the parties; the motion does not itself attach any exhibits or other documents.  But although that Joint Final Pretrial Order (which is in the court's possession) identifies the exhibits they object to by name, the court does not have a copy of these exhibits,

7

and Defendants did not provide copies in their motion.  Lacking the content of these exhibits, it is impossible to evaluate whether those exhibits would nonetheless be relevant to Plaintiffs' remaining causes of action, which in substance often overlapped with the dismissed counts. For example, evidence tending to show that Oakland Automation was working with Oakland Industries to transfer monies from OA's bank account to OI's account is not only relevant to Plaintiffs' alter ego theories, but to their MUVTA, MBTFA, conversion, and civil conspiracy claims.  "A court should exclude evidence on a motion *in limine* only when that evidence is determined to be clearly inadmissible on all potential grounds." *United States v. Anderson*, 563 F. Supp. 3d 691, 694 (E.D. Mich. 2021).  "In cases where that high standard is not met, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context.  Denial of a motion to exclude evidence *in limine* does not necessarily mean that the court will admit the evidence at trial." *United States v. Jankowski*, No. 17-CR-20401, 2022 U.S. Dist. LEXIS 80945, at *2 (E.D. Mich. May 4, 2022) (citation omitted, cleaned up).

Lacking the necessary details that would establish that the challenged exhibits are inadmissible for any purpose at trial, it seems

the wiser course to defer objections to specific pieces of evidence until trial.  At this stage, the motion is **DENIED**.

## IV.   CONCLUSION

For the reasons described in the above opinion, the court **DENIES** Moving Defendants' motions *in limine* to limit Plaintiffs' MUVTA claims and to exclude arguments and evidence related to Plaintiffs' alter ego theories.  Plaintiffs' request for fees for responding to the motions is denied.

**SO ORDERED**.

Date: April 20, 2026                        s/F. Kay Behm
                                            F. Kay Behm
                                            United States District Judge

9